UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-W
FILED
2012 DEC 18 A 11: 41
JON W. SANFILIPPO
CLERK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAMES SCALZO,

        Defendant.

Case No. 12- CR-12 -CR262

[18 U.S.C. §§ 1344(2), 1956(a)(1)(B)(i) & 2)]

## INFORMATION

**THE UNITED STATES ATTORNEY CHARGES:**

1.    Between on or about April 1, 2008, and on or about October 31, 2009, in the State and Eastern District of Wisconsin and elsewhere,

**JAMES SCALZO**

did knowingly devise and execute a scheme to obtain money, funds, and credits from federally insured financial institutions by means of materially false and fraudulent pretenses, representations, and promises.

### Background

2.    During this time period, Scalzo was consecutively employed as a bank officer at Fox River State Bank (FRSB), Burlington, Wisconsin, and Consumer's Credit Union (CCU), Round Lake Beach, Illinois.

3.    The deposits of Fox River State Bank are insured by the Federal Deposit Insurance Corporation and the deposits of Consumer's Credit Union are insured by the National Credit Union Share Insurance Fund.

1

## Scheme to Defraud

4. Between April 1, 2008, and October 31, 2009, in the State and Eastern District of Wisconsin and elsewhere, James Scalzo, acting as a bank officer, originated and approved multiple loans, most in the form of lines of credit, for unknowing and/or unqualified borrowers without supporting financial information or collateral.

5. As part of the scheme to defraud, James Scalzo forged borrower signatures on loan file documents.

6. As a further part of the scheme to defraud, James Scalzo directed that funds be taken from the loans and transferred, by cashier's check or wire, without the knowledge of the named borrower, to accounts in which Scalzo had a personal interest.

7. As a further part of the scheme to defraud, James Scalzo directed that funds be taken from the fraudulent loans to be applied against balances due on previously originated fraudulent loans, in order to conceal fraud in the origination of those loans.

8. The loans that Scalzo originated as part of the scheme include:

| Date | Financial Institution | Borrower | Amount |
| --- | --- | --- | --- |
| April 25, 2008 | Fox River State Bank | N.N. | $85,000 |
| June 24, 2008 | Fox River State Bank | S.N. | $100,000 |
| June 25, 2008 | Fox River State Bank | P.D. | $230,000 |
| July 25, 2008 | Fox River State Bank | C.P. | $125,000 |
| August 1, 2008 | Fox River State Bank | N.N. | $145,000 |
| October 13, 2008 | Fox River State Bank | C.P. | $158,000 |
| July 31, 2009 | Consumer's Credit Union | N.N. | $135,000 |
| September 5, 2009 | Consumer's Credit Union | C.P. | $230,000 |
| October 2, 2009 | Consumer's Credit Union | P.D., Sr. | $250,000 |

2

## Execution of the Scheme

## COUNT ONE: BANK FRAUD

THE UNITED STATES ATTORNEY FURTHER CHARGES:

9. On or about August 1, 2008, in the State and Eastern District of Wisconsin, James Scalzo, acting as a bank officer at Fox River State Bank, for the purpose of executing the above described scheme to defraud, knowingly and fraudulently originated a line of credit in the amount of $145,000, in the name of an LLC registered to N.N., without having obtained the approval of N.N., and by forging the signatures of N.N. and his wife on the loan origination documents.

All in violation of Title 18, United States Code, Section 1344(2).

## COUNT TWO : MONEY LAUNDERING

THE UNITED STATES ATTORNEY FURTHER CHARGES:

10. On or about July 15, 2009, in the State and Eastern District of Wisconsin, and elsewhere,

**JAMES SCALZO,**

knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, conducted a financial transaction which in fact involved the proceeds of specified unlawful activity, namely bank fraud, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, source, and control of the proceeds of the specified unlawful activity.

11. Specifically, the defendant caused the wiring of $20,000, originally derived from a line of credit that he had fraudulently obtained in the name A.S. at the Citizen's Bank of Mukwonago.

12. The defendant caused those funds to be wired from a TCF Bank account held in the name of N.N. to Fox River State Bank, with the intent that the funds be used as a partial payment on a loan that the defendant had fraudulently originated in the name N.N. at Fox River State Bank, without N.N.'s knowledge or consent.

13. By way of this transaction, the defendant intended to conceal, and did conceal the fact that he had fraudulently originated the loan for N.N. at Fox River State Bank in the first instance.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

# FORFEITURE NOTICE

14. Upon conviction of the offense in violation of Title 18, United States Code, Section 1344, set forth in Count 1 of this information, the defendant, James Scalzo, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

15.. Upon conviction of the offense in violation of Title 18, United States Code, Section 1956, set forth in Count 2 of this information, the defendant, James Scalzo, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense and any property traceable to such property.

16. If any of the property described above, as a result of any act or omission by the defendant cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

_____  Date: 12/18/12
JAMES L. SANTELLE
United States Attorney