# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                                Case No. 12-CR-262

**JAMES SCALZO**
    **Defendant.**

## ORDER

On July 18, 2013, I sentenced defendant James Scalzo to 35 months in prison on his guilty pleas to bank fraud and money laundering. I deferred a final restitution determination for 90 days under 18 U.S.C. § 3664(d)(5). On July 24, 2013, the government filed a memorandum asking that I set restitution in the amount set forth in the pre-sentence report ("PSR") – $679,737.23. Hearing nothing from defendant, on October 8, 2013, I entered an order setting restitution in that amount. Later that day, defendant filed a letter stating that the court did not set a briefing schedule on July 18, and that he intended to file a brief, which he did on October 10.

While it is true that I did not set a specific briefing schedule on restitution, defendant's submission – filed some 2 ½ months after the government's memorandum and about a week from the deadline – is tardy. He provides no reason for his apparent belief that he had 90 days to file something; 90 days is the deadline to rule; a submission filed just days before leaves the government with little time to reply, and the court with even less time to decide. The government was able to file a brief reply on October 15, and I will thus address the issues defendant raised in his October 10 brief. I nevertheless consider the defense submission

untimely.

I assume familiarity with the facts, which I set forth in the October 8 order. (R. 17 at 1-3.) In his brief, defendant objects to the inclusion of the C.P. and P.D. loans in the restitution, arguing that the government has not identified any fraudulent conduct related to those loans. I addressed this issue in my previous order. First, the loans were specifically listed in the information among those "originated as part of the scheme." (R. 1 at 2.) Second, the evidence shows that defendant originated these loans at Consumer's Cooperative Credit Union ("CCCU") in an effort to cover up his earlier fraud at Fox River State Bank ("FRSB"). His conduct harmed CCCU when the loans went unpaid, and its losses would not have occurred but for defendant's criminal conduct in executing this fraud scheme. See 18 U.S.C. § 3663A(a)(2) ("For the purposes of this section, the term 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, . . . any person directly harmed by the defendant's criminal conduct in the course of the scheme[.]"). Third, the government in fact identified criminal conduct associated with these loans, as discussed in my October 8 order. Not only did these loans serve to cover up defendant's previous fraud at FRSB, they also helped conceal from P.D. and C.P. the amounts defendant had improperly diverted from their previous lines of credit. Further, defendant made the loans with knowledge that the borrowers had little or no ability to pay, and that the collateral was insufficient or inflated. Defendant's claim that he properly approved these loans is contrary to the record.[1]

---

[1] Misapplication of bank funds reflecting reckless disregard of a bank's interest, see, e.g., United States v. Crabtree, 979 F.2d 1261, 1269 (7th Cir. 1992), qualifies as "criminal

2

Defendant also argues that it would be improper to consider these loans based on their inclusion in the plea agreement because the government, at the time the parties executed the agreement, represented that there were no losses associated with these loans. Because CCCU and its insurer qualify as victims under § 3663A(a)(2), it isn't necessary to determine with they should be paid under the terms of the plea agreement. See 18 U.S.C. § 3663A(a)(3) ("The court shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense."). In any event, the plea agreement filed with the court does not support defendant's contentions. On the issue of restitution, the plea agreement stated:

> The defendant agrees to pay restitution as ordered by the court. The defendant agrees that such restitution shall include any losses sustained by Fox River State Bank and Consumer's Credit Union as the result of fraud attributable to the defendant in the loans he originated while in their employ during the time period encompassed by the information; losses sustained by N.N. and the elder N's as the result of fraud attributable to the defendant as described in this plea agreement; and losses sustained by any other person directly harmed by the defendant's conduct in furtherance of the fraud scheme.

(R. 3 at 17 ¶ 28.) The agreement does not purport to exclude CCCU's losses related to the C.P. and P.D. loans, nor does it set forth a cap on the amount to be paid.[2] Defendant contends that in the course of negotiating the plea agreement the government provided him with a spread sheet listing the loans, which set forth losses to others but indicated that there were no losses associated with the C.P. and P.D. loans. This spread sheet was not part of the plea agreement, defendant revealed no side agreements based on the spread sheet during the plea

---

conduct" in the course of a scheme.

[2]Even if the agreement had purported to exclude CCCU (and its insurer), parties cannot bargain away a victim's rights under the MVRA.

3

colloquy, and he provides no authority for me to now cap restitution based on preliminary negotiations not memorialized in the final plea agreement. That CCCU later provided information the parties may not have had at the time does not defeat defendant's obligation to pay.

My previous order stands. Restitution is set at $679,737.23 to the victims and insurer identified in ¶ 127 of the PSR. Pursuant to 18 U.S.C. § 3664(j)(1), restitution shall be paid to the victims before the insurer. Defendant shall on release from prison make payments at a rate of not less than $200/month. Interest is waived based on the defendant's financial situation. An amended judgment shall issue setting forth these terms.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge